UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLOBAL MARITIME INVESTMENTS CYPRUS LIMITED** | CIVIL ACTION |
| **Plaintiff** | NO. |
| **VERSUS** | |
| **M/V UTOPIE, her engines, tackle, apparel, etc.,** *in rem*, **and GORGONIA DI NAVIGAZIONE S.R.L.** | SECTION |
| | MAGISTRATE |
| **Defendants** | |

**VERIFIED COMPLAINT**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

**NOW COMES** plaintiff, GLOBAL MARITIME INVESTMENTS CYPRUS LIMITED, through undersigned counsel, and for its complaint against the M/V UTOPIE, her engines, tackle, apparel, etc., *in rem*, and GORGONIA DI NAVIGAZIONE S.R.L., *in personam*, avers:

**JURISDICTION**

1. This civil action presents an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Honorable Court is vested with jurisdiction pursuant to 28 U.S.C. § 1333. The action is brought to enforce a maritime lien for breach of a time

charter party covering the ocean-going Motor Vessel UTOPIE, to perfect a maritime attachment of defendant's property within the district, and to assert plaintiff's right to possession and ownership of the bunkers and fuel oils presently aboard the vessel.

2. The claims asserted herein are brought in whole or in part pursuant to and in accordance with the provisions of the General Maritime Law of the United States and Supplemental Rules B, C and D of the Federal Rules of Civil Procedure.

### IDENTITY OF PARTIES

3. At all material times, plaintiff GLOBAL MARITIME INVESTMENTS CYPRUS LIMITED (hereafter "GMI"), was and still is a corporation organized and existing pursuant to the laws of the country of Greece, having an office and place of business at 2 Nikodimou Street, Athens, 10557, Greece. At all material times, GMI was the time charterer of the ocean-going bulk cargo vessel M/V UTOPIE, IMO No. 9422328, pursuant to a time charter party with defendant GORGONIA DI NAVIGAZIONE S.R.L. dated June 22, 2013. The terms of the time charter party are set forth in the Clean Charter Party Fixture Recap (hereafter the "GMI Charter") attached to this complaint as Exhibit "A".

4. At all material times, defendant GORGONIA DI NAVIGAZIONE S.R.L. (hereafter "Gorgonia") is and was a corporation organized and existing pursuant to the laws of the country of Italy, having an office and place of business at Via Positano, 5, I-80059, Torre del Greco (Naples), Italy. At all material times Gorgonia was the owner of the M/V UTOPIE.

5. At all material times the M/V UTOPIE was and still is a 2008 built, Italian Flag, ocean-going, steel hull, bulk cargo vessel of approximately 40,170 Gross Registered Tons, bearing IMO No. 9422328 and having a length of 222.0 meters and a beam of 32.3 meters. The M/V UTOPIE is now, and will be during the pendency of process hereunder, located at 12 Mile Anchorage, Mississippi River, within this district and within the jurisdiction of this Honorable Court.

## FACTUAL BASIS OF THE COMPLAINT

6. On about June 22, 2013, defendant Gorgonia, as owner of the M/V UTOPIE, time chartered the vessel to plaintiff GMI for a period, in charterer GMI's option, of four to six months. The rate of hire under the GMI Charter original four to six month term was $7,250.00 per day. See Exhibit "A".

7. Pursuant to the GMI Charter, GMI had the option of extending the charter period for an additional period of four to six months. GMI exercised this option, which extended the period of the GMI Charter through July 2014. See Exhibit "A" and GMI's October 1, 2013 email declaration exercising the option to extend the charter term, attached as Exhibit "B".

8. On about August 30, 2013, GMI sub-chartered the M/V UTOPIE to Cargill International SA of Geneva for a voyage carrying grain from the United States Gulf to China (hereafter the "Cargill Charter"). A copy of the Cargill Charter Fixture is attached as Exhibit "C".

9. Pursuant to the GMI Charter, GMI directed the M/V UTOPIE to the Mississippi River where she was to load grain pursuant to the Cargill Charter. On December 12, 2013, the M/V UTOPIE arrived in the Mississippi River to receive her cargo.

10. On December 13, 2013, the United States Marshal for the Eastern District of Louisiana served a warrant for the arrest of the M/V UTOPIE, and seized the said vessel pursuant to a Warrant of Arrest issued in accordance with an order of United States District Judge Lance Africk in the case entitled *Commerzbank Aktiengesellschaft v. M/V UTOPIE, et. al.*, bearing Civil Action No. 13-6622, Section "I"(3). The M/V UTOPIE has remained under arrest and in the custody of the U.S. Marshal since her arrest on December 13th.

11. As a result of the arrest, the M/V UTOPIE has failed to proceed to her loading berth to receive cargo and has failed to otherwise perform her obligations under the GMI Charter.

12. On June 28, 2013, at the Port of Yosu, South Korea, plaintiff GMI purchased 790.000 metric tons of bunkers for the M/V UTOPIE. The purchase price of these bunkers was $574,050.00. Copies of the Delivery Receipts and Invoice to GMI for these bunkers are attached as Exhibit "D".

13. On November 25, 2013, at the Port of Gibraltar, Great Britain, plaintiff GMI purchased 850.097 metric tons of bunkers for the M/V UTOPIE. The purchase price of these bunkers was $507,010.78. Copies of the Delivery Receipts and Invoice to GMI for these bunkers are attached as Exhibit "E".

14. By virtue of its purchases as described above, plaintiff GMI is the owner of the bunkers presently aboard the M/V UTOPIE.

## FIRST CAUSE OF ACTION
## FORECLOSURE OF MARITIME LIEN *IN REM*

15. GMI re-avers and re-alleges paragraphs 1 through 14 as if set forth herein, *in extenso*.

16. The failure of the M/V UTOPIE to proceed to her loading berth and load her cargo of grain constitutes a breach of the governing GMI Charter for which the M/V UTOPIE is responsible.

17. GMI has duly performed all of its obligations to Gorgonia under the GMI Charter.

18. The breach of the GMI Charter by the M/V UTOPIE has proximately caused plaintiff damages in the form of extra costs and expenses, loss of bunkers, loss of use of the vessel and/or lost profits in the approximate amount of $1,772,335.00, as best as can be estimated at this time.

19. Pursuant to the General Maritime Law of the United States, the M/V UTOPIE's breach of the GMI Charter gives rise to a maritime lien against the vessel, and plaintiff GMI is entitled to assert and foreclose the maritime lien on the M/V UTOPIE in the amount of $1,772,335.00, together with interest, costs and attorney's fees.

20. Plaintiff is entitled to judgment *in rem* against M/V UTOPIE, and the immediate arrest thereof pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure, to satisfy the above-described maritime lien.

21. Plaintiff agrees to hold harmless and indemnify the U.S. Marshal and all his deputies from any liability as a result of seizing the aforesaid vessel.

### SECOND CAUSE OF ACTION
### BREACH OF CHARTER PARTY BY GORGONIA

22. GMI re-avers and re-alleges paragraphs 1 through 14 as if set forth herein, *in extenso*.

23. The failure of the M/V UTOPIE to proceed to her loading berth and load her cargo of grain constitutes a breach of the governing GMI Charter for which the Gorgonia is responsible.

24. GMI has duly performed all of its obligations to Gorgonia under the GMI Charter.

5

25. The breach of the GMI Charter by Gorgonia has proximately caused plaintiff damages in the form of extra costs and expenses, loss of bunkers, loss of use of the vessel and/or lost profits in the approximate amount of $1,772,335.00, as best as can be estimated at this time.

26. Plaintiff is entitled to judgment *in personam* against Gorgonia, and therefore is entitled to the immediate attachment of the M/V UTOPIE to secure said judgment pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure.

27. Plaintiff avers upon information and belief that defendant Gorgonia cannot be found within this district, within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and therefore, its vessel, the M/V UTOPIE, may be condemned and sold pursuant to this Court's writ of attachment.

28. Plaintiff agrees to hold harmless and indemnify the U.S. Marshal and all his deputies from any liability as a result of attaching the aforesaid vessel.

### THIRD CAUSE OF ACTION
### POSSESSORY ACTION FOR BUNKERS

29. GMI re-avers and re-alleges paragraphs 1 through 14 as if set forth herein, in extenso.

30. By virtue of its ownership of the bunkers aboard the M/V UTOPIE, GMI is entitled to possession of all bunkers aboard the vessel and prays for same pursuant to Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

31. Plaintiff further prays that all bunkers consumed during the period of the M/V UTOPIE's arrest be deemed *custodia legis*, and that the costs of same be reimbursed to plaintiff GMI prior to the vessel's release, or upon her sale.

## AS TO ALL CAUSES OF ACTION

32. GMI has performed all obligations required of it pursuant to the GMI Charter.

33. All conditions precedent to GMI recovering the losses and damages described herein have occurred or have been performed by GMI and/or its predecessors in title.

34. All and singular, the maters alleged are true and the correct.

35. GMI reserves the right to amend and supplement this complaint as further facts become available.

**WHEREFORE**, Plaintiff GLOBAL MARITIME INVESTMENTS CYPRUS LIMITED, prays that:

1.) The Clerk of Court issue a warrant for the arrest of, and a writ of attachment for, the M/V UTOPIE, her engines, tackle, apparel, etc. and that all persons claiming any right, title or interest in said vessel may be summoned to appear and answer under oath all and singular the matters aforesaid, and that said vessel may be condemned and sold to pay the demand as aforesaid, together with interest thereon, costs and attorneys' fees;

2.) Process in due form of law issue against defendant GORGONIA DI NAVIGAZIONE S.R.L., citing it to appear and answer this Verified Complaint;

3.) After due proceedings are had, judgment be entered in favor of Plaintiff, GLOBAL MARITIME INVESTMENTS CYPRUS LIMITED, and against defendants, M/V UTOPIE, her engines, tackle, apparel, etc., *in rem*, and GORGONIA DI NAVIGAZIONE S.R.L., *in personam*, for all sums shown to be due and owing at trial, together with interest and costs, and placing plaintiff in possession of the bunkers aboard the M/V UTOPIE; and

4.) That Plaintiff, GLOBAL MARITIME INVESTMENTS CYPRUS LIMITED, be awarded such other relief as it may be entitled to receive.

**FAY, NELSON & FAY, LLC**

*/s/ John F. Fay, Jr.*
JOHN F. FAY, JR. (La. Bar #1870), T.A.
CHRISTINA P. FAY (La. Bar #1869)
Energy Centre
1100 Poydras St., Suite 2900
New Orleans, Louisiana 70163
Tel: (504) 799-2252
Fax: (504) 383-8920
E-mail jfay@faynelsonfay.com
E-mail cpfay@faynelsonfay.com
**Attorneys for GLOBAL MARITIME INVESTMENTS CYPRUS LIMITED**

PLEASE ISSUE SUMMONSES TO:

GORGONIA DI NAVIGAZIONE S.R.L
Via Positano, 5, I-80059
Torre del Greco (Naples)
ITALY

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

      **BEFORE ME**, the undersigned authority, personally came and appeared:

**JOHN F. FAY, JR.**

who after being duly sword was deposed and said that he is a member in the firm of Fay, Nelson & Fay, LLC, counsel for plaintiff herein, that he has read the above and foregoing Verified Complaint and knows the contents thereof and believes that the same are true and correct to the best of his knowledge and belief; that the sources of his knowledge and the grounds for his belief are various documents furnished and statements made to him by representatives of plaintiff, and that the reason this verification is made by deponent and not by plaintiff is that plaintiff is a corporation, no officer of which is presently within this district.

                                                                 */s/ John F. Fay, Jr.*
                                                                  **JOHN F. FAY, JR.**

**SWORN TO AND SUBSCRIBED before
me this 20th day of December, 2013.**

   */s/ Christina P. Fay*
   **NOTARY PUBLIC**
**Christina P. Fay (La. Bar #1869)
My Commission Expires at Death**